UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN KELLY, | : | CIVIL ACTION NO. 08-4311 |
| | : | 08-4310 C/W 08-4311 |
| VERSUS | : | |
| PORTER, INC. (D/B/A FORMULA BOATS) CHARLES INDUSTRIES, LTD. AND LOUISIANA YACHTING AND BOATING CENTER | : | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |
| | : | |

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**
**OR MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes now, GREAT LAKES REINSURANCE CO., through undersigned counsel , and as insurer of the M/V Maverick, who offers this opposition to the Motion for Summary Judgment filed by Defendants, Porter, Inc., Louisiana Yachting & Boating, L.L.C., and Charles Industries, Ltd. [Doc. 61].

**MAY IT PLEASE THE COURT:**

The Defendants have filed the present motion seeking to dismiss all claims of the Plaintiffs, and in particular the claims of Great Lakes Reinsurance Co. (UK) PLC ("Great Lakes"), against the defendants for redhibition under the Louisiana Civil Code and for punitive or exemplary damages filed by Great Lakes. [Doc. 61-3].

The Defendants' have brought the present motion on the following issues: (1) that Mr. Kelly's on the M/V Maverick, (2) that plaintiffs can present no evidence to support their allegations that the M/V Maverick contained any design defects, (3) that Great Lakes has no standing to bring a redhibition claim, (4) and that Great Lakes is not entitled to punitive or exemplary damages under either Louisiana or maritime law.

Great Lakes has no opposition to striking any allegations regarding design defects, as Great Lakes will present no evidence at trial directly relating to design defects of the battery charger at issue. Defendants' have alleged that Plaintiff's actions are the sole basis of all damages and as a result the allegations against the Defendants should be dismissed. However, any issues of comparative fault make summary judgment inappropriate, as it is an uncontested established fact that the battery charger did indeed fail regardless of Mr. Kelly's actions. [See Defendants Exhibit "C"-page 55, and Defendants Exhibit D-page 78:114-78:17]. Mr. Kelly's actions, however they are evaluated, are of no moment regarding the claims of the Plaintiffs' under products liability law and/or under redhibition. As stated by the Defendants, in the Fifth Circuit, state law is consulted in the development of maritime law, and provisions of the Louisiana Products Liability Act have been previously consulted in development of maritime law. *See Krummel v. Bombardier Corp.*206 F.3d 548C.A.5 (La.),2000.March 27, 2000 *Saratoga Fishing Co. v. J.M. Martinac & Co*., 520 U.S. 875, 878, 117 S.Ct. 1783, 138 L.Ed.2d 76 (1997).;

The allegations of Great Lakes against the Defendants are based upon redhibition or LPLA. Under either theory what matters is whether the alleged defect existed when the manufacturer placed the product into trade or commerce, or when the product was delivered to the buyer. *See La. R.S. 9:2800.53; La. C.C. art. 2530*. What Mr. Kelly did or did not do is of no moment, all of the actions described by the Defendants' are all actions which took place well after the defective product was in the stream of commerce or had unquestionably been delivered to the buyer.

## SUMMARY JUDGMENT STANDARD

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists the court must "view facts and inferences in the light most favorable to the nonmoving party." *Mahaffey v. Gen. Sec. Ins. Co.*, 543 F.3d 738, 740 (5th Cir. 2008).  As the non-moving party, in this matter, Great Lakes must produce and set forth specific facts sufficient to establish there is a genuine issue of material fact requiring a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Even while viewing the evidence in the light most favorable to the non-moving party, if no reasonable trier of fact could issue a verdict for the non-moving party, no genuine issue of material fact exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

## **GREAT LAKES ENTITLED TO BRING REDHIBITION CLAIMS**

An action for rehibition, brought pursuant to Article 2520 of the Louisiana Civil Code, is brought as a claim for a defect, when that alleged defect renders the thing useless, or the defect makes the use of the item so inconvenient that it must be presumed that the buyer would not have bought the thing had he known of the defect. *Royal v. Cook*, 984 So.2d 156 (La. App. 4 Cir. 4/23/08), writ denied 992 So.2d 941, 2008-1133 (La. 9/19/08).  A successful claim for redhibition may result in the reduction of the purchase price of an item, and quite possibly resend the purchase. In order to prove a redhibitory defect, the buyer must be able to show that the defect was non-apparent, not known at the time of the sale, and existed at the time of delivery. See La. C.C. art. 2530, 2521.  While the burden of proving a defect will be the Plaintiffs' at trial, if the defect appears soon after the thing is placed into use, then the inference is that the defect existed at the time of the sale. *Rey v. Cuccia*, 298 So.2d 840 (La. 1974).

Defendants claim that Great Lakes cannot assert rehibition claims against the Defendants based on the plain language of the statute. As the insurer of the vessel and pursuant to Mr. Kelly's policy with Great Lakes any and all rights of recovery that Mr. Kelly would have belongs to the insurance company. [See Defendants Exhibit I-Policy of Insurance page 11]. This provision is common in most if not all insurance policies and there is no reason to treat a redhibition claim any differently. A conventional subrogation occurs when an oblige, (Mr. Kelly) who receives performance from a third person (Great Lakes), subrogates that person to his rights, even without the obligor's consent. La.Civ.Code art. 1827. Regarding this article, Revision Comment (a) points out that there is no distinction between conventional subrogation by the obligee and an assignment of rights. An assignment of rights under Louisiana Civil Code article 2642 allows the assignee to be subrogated to the rights of the assignor against the debtor. As Professor Litvinoff states "it is axiomatic that an assignee or a conventional subrogee occupies a no more favorable position in a dispute than the original assignor or subrogor. An assignment does not alter the nature of the obligation ...." 1 Saul Litvinoff, The Law of Obligations § 17.35, at 557, in 5 Louisiana Civil Law Treatise (2001). Taking that provision into account, an assignee should not be in any worse position than the original assignor or subrogor. The Defendants' argument does just that, as it puts Great Lakes in a worse position than Mr. Kelly would be, in contravention of their agreement and cited provisions of Louisiana law.

The law of redhibition contemplates that the original purchaser of the item may not be the person who brings the action. See La. C.C. art. 2538. Civil Code Article 2538 plainly refutes the argument of the Defendants that the action for rehibition is merely a personal one which based on the plain language of the article. In addition, the Louisiana Third Circuit Court of Appeal in *Alvis v. CIT Group/Equipment Financing Inc.*, 918 So.2d 1177, 1184 (La. App. 3 Cir.

12/30/05), writ denied, 926 So.2d 552 (La. 4/24/06), ruled consistent with the argument of the Plaintiffs in this matter. Any subrogation and assignment of rights by Mr. Kelly to Great Lakes pursuant to an agreement does include any subrogation rights against the Defendants. ("We find that this subrogation and assignment would include any redhibition rights CIT might have against the defendants".) *Id*. The *Alvis* case is directly on point, pursuant to an agreement with the purchaser of an item (CIT Group), a party contracted for the subrogation and assignment of all rights that CIT Group had against the manufacturer of the product and/or sellers of the product, including the right to subrogation. As a result, the Defendants' motion must be denied and Great Lakes be allowed to bring any all subrogation claims against the named Defendants, including the present claim for redhibition.

## **PUNITIVE DAMAGES ARE AVAILABLE UNDER GENERAL MARITIME LAW**

In addition to the other claims of the Defendants in the Motion for Summary Judgment, the Defendants have requested in their motion that the demand for punitive damages found in the Complaint for Damages by Great Lakes be dismissed. Defendants claim that "Great Lakes is also barred from recovering punitive damages under general maritime law." [Doc. 61-3, page 20]. This argument fails as jurisprudence clearly establishes that punitive damages are available under general maritime law.

The Defendants cite the *Miles* standard, from the United States Supreme Court decision in *Miles v. Apex Marine*, 489 U.S. 19, 111 S.Ct. 317, 112 L.Ed. 2d 275, 112 L.Ed. 275 (1990), for the proposition that punitive damages are unavailable under general maritime law. *Miles* is often cited in order to strike request for punitive damages for personal injuries sustained. *See Ostrowiecki v. Aggressor Fleet, Ltd*., 2008 WL 5234391 (E.D. La. 12/11/08).

This matter or claim was clearly illustrated in *Maritrans Operating Partners v. Diana T. M/V*, 1999 WL 127250 (E.D. La. 3/8/99), where the Court denied a Motion to Dismiss under 12(b)(6) on similar claims as exist here. The plaintiff had a damage claim, along with a claim for punitive damages that the defendant sought to dismiss. *Id*. The Court found that because the damages were property damage, damage not covered by the Jones Act, that the holding of *Miles* and *Guevara*[1] did not apply, and the motion to dismiss was denied.

Recently, in *Atlantic Sounding Co., v. Townsend*, 557 U.S. ____, 129 S.Ct. 2561, 174 L.Ed.2d 382 (2009), the United States Supreme Court clarified the law regarding applicability of punitive damages in maritime law and by its' decision abrogated *Guevera* and limited the application of *Miles*. The Supreme Court stated "Punitive damages have long been an available remedy". *Id*. at 2567. The Court in *Atlantic Sounding* allowed a claim for punitive damages for willful and wanton disregard of the maintenance and cure obligation. *Id*. In allowing this claim, the Court found that in the absence of a direct ban by Congress of a remedy traditionally available (punitive damages), even in a tort case, where punitive damages have been limited by law, including the Jones Act.

Reading *Maritrans Operating Partners v. Diana T. M/V*, along with Atlantic Sounding, supra, there is no question that punitive damages are acceptable under general maritime law, unless some express limitation exists, like the Jones Act. Since Miles, the Courts have, particularly in the personal injury matters, strictly limited that availability of punitive damage claims. Now that the Court, in *Atlantic Sounding* has removed barriers of *Miles* and *Guevera*, then there can be no question that punitive damages are available in this case. *See Norfolk & Portsmouth Belt Line Rail Road Co. v. M/V Marlin*, 2009 WL 1974298 (E.D. Va. 4/3/09).

---

[1] *Guevera v. Maritime Overseas*, 59 F.3d 1496, 1506 (5th Cir. 1995).

6

Defendants additionally argue that even if punitive damages are available to the Plaintiffs, that they will not be able to meet their burden at trial of showing that Defendants, particularly the manufacturer, acted with "wanton and reckless conduct which amounts to a conscious disregard of the rights of others", making a punitive damage award proper. [Complaint for Damages, page 6, paragraph 16].

Great Lakes concedes that it will not produce evidence showing "wanton and reckless conduct" under maritime law standards, but will show that claims for punitive damages in the form of attorney fees under rehibition are requested and will be asserted at trial, pursuant to La. C.C. art. 2545.

## **CONCLUSION**

As shown, the Defendants' Motion for Summary Judgment must be denied, as it is established that the actions of the Plaintiff, Mr. Kelly, have no bearing on the claims asserted, under provisions of the Louisiana Products Liability Act and redhibition the pertinent time frame is when the product leaves the manufacturer and is subsequently purchased by a seller, any analysis of actions after that point is analysis regarding the amount of damages actually sustained.  As the party who was assigned subrogation or an assignment of rights, Great Lakes, is bringing the redhibition claims as allowed by Louisiana law, Defendants' motion must be denied, as Great Lakes has standing to bring this action

Respectfully submitted,

**LAW OFFICES OF JAMES B. DOYLE APLC**

BY:  s/ Heath J. Dorsey
**JAMES B. DOYLE (#5061)**
**HEATH J. DORSEY (#29715)**
One Lakeshore Drive, Suite 1805
Lake Charles, LA  70629
Telephone:  (337) 433-5999
Facsimile:   (337) 433-5990

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record by electronic filing with the EM/ECF filing systems this 5th[nd] day of January, 2010.

s/Heath J. Dorsey
HEATH J. DORSEY