UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN J. KELLY | CIVIL ACTION NO. 08-4310 |
| | SECTION: S |
| VERSUS | |
| | MAGISTRATE: 3 |
| PORTER, INC. (D/B/A FORMULA BOATS) AND CHARLES INDUSTRIES, LTD. | |

**STATEMENT OF MATERIAL FACTS IN DISPUTE**
**SUBMITTED ON BEHALF OF JOHN J. KELLY AND**
**MAVERICK MOTOR SPORTS II, LLC**

NOW INTO COURT, thorough undersigned counsel, comes Plaintiffs John J. Kelly and Maverick Motor Sports II, LLC, who submit that the following are genuine issues of material fact in dispute that preclude the granting of Summary Judgment for the Defendants:

1. Whether Plaintiff John J. Kelly knew, should have known or blatantly disregarded knowledge that the house batteries charging both the bilage pumps and the hot water alarm were complete discharged because of defective battery charges.

2. Whether Plaintiff John J. Kelly had actual knowledge that connecting his vessel to shore power would not recharge or charge the batteries of the vessel because the battery chargers had failed due to defects in them, preventing the charging of the batteries necessary to power the bilage pumps and the hot water alarm.

3. Whether the hot water alarm system was improperly installed and wired by the factory/manufacturer, Porter, Inc. d/b/a Formula Boats.

4. Whether the battery chargers manufactured by defendant Charles industries were defective at the time the defective component parts were installed by the manufacturer into the Plaintiff's vessel, rendering that vessel "unreasonably dangerous" pursuant to the LPLA and/or Louisiana Laws of Redhibition.

5. Whether the Defendant Charles Industries knew as early as March 2006, one and one-half years before the incident in question, that its battery chargers that were ultimately installed into the Plaintiffs vessel were defective and likely to malfunction as they did, resulting in the

submerging of the plaintiff's vessel.

6. Whether a recreational Yacht owner like Plaintiff John J. Kelly should have total knowledge about the entire electrical system and electrical circuitry of his vessel works.

7. Whether Defendant Porter, Inc. had a reasonably available alternative design by installing a back-up battery charger on this larger recreational Yacht by the Plaintiff that would have prevented the submerging of the vessel as occurred herein.

8. Whether Mr. Kelly's failure to completely secure the lid of the sea strainer was the "sole cause" of the submerging of the vessel or whether such actions would not have resulted in the submerging of the vessel had the vessel functioned and operated as designed, as built, and as intended by proper operation of both the bilage pump and the high water alarm.

9. Whether the voyage Mr. Kelly took on his vessel the day before the vessel submerged played any legally significant role or was a cost to factor in the submerging of the vessel.

Respectfully Submitted,

By Attorney:

\_//s//_____
LEONARD CARDENAS III
LSBA NO. 18162
6525 Perkins Road
Baton Rouge, LA 70808
Telephone: (225) 766-5464
Facsimile:  (225) 766-5505

CERTIFICATE OF SERVICE

I, **LEONARD CARDENAS III**, certify that a copy of the above and foregoing has been served on the following counsel

*Via Fax: 346-8049*
Mr. C. Michael Hart
Taylor Porter
P.O. Box 2471
Baton Rouge, LA  70821

*Via Fax: 337-478-9979*
Mr. James B. Doyle
Post Office Box 5241
Lake Charles, LA   70606-5241

*Via Fax: 504-841-5095*
Mr. Gregory Roniger

*Via Fax: 504-585-3051*
Mr. Brad Schlottere

| | |
|---|---|
| Law Office of Sheryl Story<br>One Galleria Blvd., Suite 1610<br>Metairie, LA 70001 | Mr. Sean McLaughlin<br>Kean Miller<br>909 Poydras Street<br>New Orleans, LA 70112 |

by facsimile and by using the ECF system which sent notification of such filing to all counsel of record.

                                                //s//\
                                                LEONARD CARDENAS III