UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN J. KELLY | CIVIL ACTION NO. 08-4310 |
| | SECTION: S |
| VERSUS | |
| | MAGISTRATE: 3 |
| PORTER, INC. (D/B/A FORMULA BOATS) AND CHARLES INDUSTRIES, LTD. | |

**MEMORANDUM OF PLAINTIFFS  JOHN J. KELLY
AND MAVERICK MOTOR SPORTS, II, LLC IN OPPOSITION TO
THE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

The defendants have jointly filed a Motion for Partial Summary Judgment, filed in this Court on December 7, 2009, seeking to dismiss the individual claims of plaintiff John J. Kelly, and further seeking to dismiss the claims of loss of use and any non-pecuniary damages asserted by Maverick Motor Sports, II LLC.  For the reasons that follow, the motion must be denied.

**JOHN J. KELLY'S OWNERSHIP OF THE M/V MAVERICK**

It is not necessary, for the limited purposes of this motion for partial summary judgment, for the parties to engage in a dispute or discussion concerning the underlying facts giving rise to this action. The only factual issue relevant to the issue of ownership of the M/V Maverick II is whether John J. Kelly, individually, has an ownership interest in the vessel, entitling him to bring this action.

The defendants' reliance on Coast Guard registration of the vessel,  the title of the vessel, or the bill of sale as being conclusive of the ownership of the M/V/Maverick is misplaced and ignores the plethora of jurisprudential law to the contrary.  "The register is not the sole or exclusive evidence

of ownership of the vessel." *Lord v. Ferguson,* 9 N.H. 380.  Even if Appellee was a mere bailee in possession when the vessel was wrongfully damaged he had the right to sue therefore. *Southern Bell Telephone and Telegraph Co. vs. Burke*, 62 F. 2d 1015 (5th Cir., 1933).  The statement in the registry that the water vessel was solely owned by a corporation did not estop the individual owner from proving his sole individual ownership of the vessel and from recovering damages to the vessel, as validity of the actual ownership titled to the vessel was held **not** dependent on the registry.  The registry was held not to be exclusive evidence of the vessel's ownership.

"A ship's documentation of title, while prima facie evidence of ownership, is **not conclusive** and true ownership of a vessel is not dependent upon its registry. …The question of ownership of a vessel is ordinarily governed by state law." *St. Paul Fire & Marine Insurance Company vs. Vesta Transportation company,* 666 F.2d 932 (5th Cir. 1982).

This action was instituted by the plaintiffs against defendants Porter, Inc. d/b/a (Formula Boats) and Charles Industries as a diversity action.  Accordingly, since the M/V/Maverick was purchased in the State of Louisiana, and the State of Louisiana has the most vested interest in the outcome of this proceeding, the substantive laws of Louisiana apply.  Louisiana law has long recognized that "it is well settled that registry, so far from being conclusive proof of title, is so little considered that it requires some auxiliary evidence in order to charge, as owner, the party whose name the vessel is registered.  An equitable title to a vessel may be set up and maintained." *Fort Pitt National Bank vs. Williams,* 43 La.Ann. 4189 So.117 (La. 1891).  In this *Williams* case, L.O. Desforges & Company was a commercial firm of which the individual L. O. Desforges and another individual, Joseph B. Williams, were members.  The plaintiff bank sought to seize three vessels on a Writ of *Fieri facies* when the individual Williams failed to pay loan notes.  The bank attached two (2) vessels whose titles were recorded in the names of the individuals, L. O. Desforges and Joseph B. Williams.  However, the firm, L.O. Desforges & Company, claimed that although the titles were

in the individual members name, both vessels were really bought and paid for by the company and with the full understanding of all parties that they were really the property of the company.  The Louisiana Supreme Court agreed, holding that "…the equitable title to these boats rested in the firm of L. O. Desforges & Company; that they were bought for the firm use and the firm account, and paid for with the firm funds;  and the attempt of Williams to divert them to the benefit of particular creditors of the firm, under the transparent pretext to make them as individual creditors by giving his due-bill for the un-mature debt due by his firm, and by such collusive attached proceedings as followed, cannot be countenanced." *Id.* at 422-423.

More recently, Louisiana courts have reaffirmed that "the registry of vessels only regulates the natural character of the vessel, and does not furnish evidence of ownership, and a change of papers is not necessary to vest title in her purchaser.  It is not even prima facie evidence in favor of the party named therein as owner." *Provest v. Bergeron*, 70 So.2d 401, 403 (Ct. App. Orleans 1954).

Very recently, Federal Courts continue to recognize these legal principles concerning true ownership of a vessel like M/V/Maverick, applying the above stated principles.  In the case of *In Re: Amanda Le*, 2007 WL 419 7515 (Bankruptcy S.D. Texas 2007), the individuals Amanda Le and Vinh Tran, the debtors, filed a Chapter 12 Bankruptcy Petition listing two shrimping vessels in their schedules.  A secured creditor, according to secured claims on both vessels, filed a motion asking the Court to confirm that the automatic bankruptcy stay did not apply to the vessels because the promissory notes and other ownership documents were in the name of another individual, Justin Le, and not in the name of Amanda or Vinh.  The debtors testified that all parties understood that Amanda and Vinh would be the true owners of the vessels, paying the down payments and documentation fees, all subsequent payments on the promissory notes, and all expenses on the vessels including insurance and maintenance costs.  Justin Le's association with the vessel had been

limited solely to the use of his credit and placing his name in all legal documents as the purported owner of the vessels. Recognizing the equitable ownership interest in the vessels, the Federal Court held that while the debtors did not have legal title to the vessels, in all practical respects they owned the vessels as such was their intent and that they acted in accordance with that intent, including making all payments on the notes, paying all expenses of the vessels and even receiving income from the vessels.

Attached hereto is the sworn Affidavit of plaintiff John J. Kelly. Mr. Kelly is the sole, individual owner of all shares of stock of this limited liability company, Maverick Motor Sports II, LLC. As attested to in his Affidavit, the sole purpose of the creation of that corporation was to gain substantial tax benefits, including the avoidance of sales taxes, as legally allowed. However, the funds used to purchase the M/V/Maverick were Mr. Kelly's individual funds, he is the personal guarantor of the mortgage loan he took out to finance the purchase of the vessel, and he is the exclusive operator of that vessel. Accordingly, and notwithstanding the registration with the Coast Guard, registered title of the vessel, or the bill of sale, these undisputed facts establish that Mr. Kelly is the actual and true owner of the M/V/Maverick, entitling him to maintain standing to bring this action and to recover all damages allowed by law in his individual capacity. Accordingly, summary judgment on this issue must be denied.

**THE CLAIMS OF MAVERICK MOTOR SPORTS II'S CLAIMS FOR LOSS OF USE AND OTHER NON-PECUNIARY DAMAGES**

It is not disputed by the defendants, nor can it be reasonably contended, that plaintiff John J. Kelly, if he is the vessel owner, in his individual capacity has both legal standing and the right to recover both pecuniary and non-pecuniary damages from the defendants under either the Louisiana Products Liability Act and/or the laws of redhibition. *See Barly v. Brunswick Merk Marine Division*, 39, 069 (La. App. 2d Cir. 10/27/04), 888 So.2d 309. (A boat manufacturer can be held responsible

to the buyer under the Louisiana Products Liability Act (LPLA) or in redhibition without the boat manufacturer having actual knowledge of its defects in the assembly of the products); *Robert v. Bayou Bernard Marine Inc.,* 514 So.2d 540 (La. App. 3d Cir. 1987), in a boat buyer's action against the seller and the manufacturer of a defective boat, the trial court may consider the cost of repairs, numerous problems, frequent inconvenience, deprivation and loss of use of the vessel, depreciation, and overall poor performance in awarding damages, including considering inconvenience to the buyer who was deprived of the use of his boat for almost two years and the depreciation of the boat and its engines.)

Louisiana law controls the claims of both Plaintiffs rather than any federal maritime law. As held by Judge Englehardt in the case of *Robinson v. America Marine Holding, Inc.*, 2002 3L 441323 (E.D. La.), the substantive laws of Louisiana applied to the claims of the plaintiff who sought rescission of the sale of a fishing vessel due to alleged defects and vices in the construction of the boat that was deemed unfit for its intended purpose, rather than the application of maritime law. In *Robinson*, the plaintiff purchased a pleasure fishing boat manufactured by the defendant. When defects and vices in the vessel were discovered, the plaintiff brought an action under Louisiana law against the boat manufacturer. Finding that the claim arose from the allegedly poor construction of the vessel that occurred at the factory and not on navigable waters, and citing authority holding that vessel construction has traditionally not been considered a maritime business, the court rejected the defendant's claim that maritime law applied.

Like the *Robinson* case, the alleged tortfeasors in this action are the manufacturer of the boat, the manufacturer of a component part of the boat and the seller of the boat. The former two defendants were engaged in the business of constructing vessels and vessel components and the latter is engaged in the business of selling water vessels. No alleged putative tort was committed on navigable water.

Louisiana law has long recognized that the buyer of a recreational vessel purchased for intellectual enjoyment is entitled to non-pecuniary damages from mental distress, aggravation, inconvenience, or denial of intellectual enjoyment of the vessel. Louisiana law makes no distinction between "persons" who are individuals and entities such as corporate entities.

The cases cited by the defendants in support of their motion for summary judgment on this issue are inapposite. Those cases involved commercial fishing vessels purchased and used for pecuniary purposes such as shrimping and fishing. Those cases arose from torts occurring on navigable waterways, satisfying both the situs and flavor of a maritime tort. This case is easily distinguishable from those cases and the defendants' reliance upon those cases applying federal maritime law is misplaced.

Moreover, the federal cases relied upon by the defendants concerning "loss of use" appear to be using those terms in the context of "loss of profits". Under Louisiana law, particularly in the context of both the laws of redhibition and products liability," loss of use" in this context is the same as "deprivation of enjoyment". As a practical matter, so long as plaintiff John J. Kelly is the true owner of the M/V/Maverick and has the right to pursue his individual recovery of all damages allowed by Louisiana law, including deprivation and loss of enjoyment and use of his vessel, and other non-pecuniary damages, it is not necessary that Maverick Motor Sports II,LLC pursue recovery of those same damages in its capacity as the registered and title owner only. Ultimately, the defendants are not entitled to an unfair and unwarranted windfall by having all claims for general damages dismissed.

**CONCLUSION**

For the reasons set forth herein, the defendants' motion for partial summary judgment should be denied in all respects. Alternatively, as long as this Court allows plaintiff John J. Kelly as the

true owner of the M/V/Maverick,to proceed individually with his claims for recovery of all damages allowed under Louisiana law, those same claims made in the Supplemental Complaint filed on behalf of Maverick Motor Sports, II, LLC, are not necessary, having been filed solely to insure that the defendants cannot escape liability for all damages they have caused herein.

        Respectfully Submitted,

        By Attorney:

        //s//
        LEONARD CARDENAS III
        LSBA NO. 18162
        6525 Perkins Road
        Baton Rouge, LA 70808
        Telephone: (225) 766-5464
        Facsimile:   (225) 766-5505

### CERTIFICATE OF SERVICE

I, **LEONARD CARDENAS III**, certify that a copy of the above and foregoing *MEMORANDUM OF PLAINTIFFS JOHN J. KELLY AND MAVERICK MOTOR SPORTS, II, LLC IN OPPOSITION TO THE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT* has been served on the following counsel

| *Via Fax: 346-8049* | *Via Fax: 337-478-9979* |
|---|---|
| Mr. C. Michael Hart | Mr. James B. Doyle |
| Taylor Porter | Post Office Box 5241 |
| P.O. Box 2471 | Lake Charles, LA  70606-5241 |
| Baton Rouge, LA  70821 | |
| | |
| *Via Fax: 504-841-5095* | *Via Fax: 504-585-3051* |
| Mr. Gregory Roniger | Mr. Brad Schlottere |
| Law Office of Sheryl Story | Mr. Sean McLaughlin |
| One Galleria Blvd., Suite 1610 | Kean Miller |
| Metairie, LA 70001 | 909 Poydras Street |
| | New Orleans, LA 70112 |

by facsimile and by using the ECF system which sent notification of such filing to all counsel of record.

//s//
LEONARD CARDENAS III