UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN J. KELLY | CIVIL ACTION |
| VERSUS | NO. 08-4310 C/W<br>08-4311 |
| PORTER, INC. (d/b/a FORMULA BOATS)<br>AND CHARLES INDUSTRIES, LTD. | SECTION "S" (3) |

## ORDER

Before the Court is Plaintiffs' Motion for Leave to File Second Supplemental and Amending Complaint [Doc. #95], filed by plaintiffs John J. Kelly and Maverick Motor Sports II, L.L.C. (collectively, "plaintiffs"). In short, plaintiffs ask the Court to allow them to amend their complaint to add Louisiana Yachting and Boating Center, L.L.C. ("Louisiana Yachting" or "defendant") as a defendant.[1] Plaintiffs assert that the amendment is for case management purposes only. Plaintiffs admit that they discussed this amendment *late last year* at the settlement conference in this Court. Plaintiffs contend that the Court mentioned that it did not think it necessary to name Louisiana Yachting individually by plaintiffs as long as Louisiana Yachting was a defendant in the consolidated action. (Civ. A. No. 08-4311, E.D. La.).

---

[1] Louisiana Yachting is a defendant in the consolidated suit, *Great Lakes Reinsurance Co. (UK), PLC v. Porter, Inc., et al.*, Civ. A. No. 08-4311 (E.D. La.). In civil action number 08-4310, plaintiffs did not name Louisiana Yachting as a defendant.

Plaintiffs contend that recently, Louisiana Yachting has raised as a defense the fact that plaintiffs failed to name it directly. Plaintiffs assert that Louisiana Yachting, by joining the motions for summary judgment, has recognized that it is a defendant in their civil action. Plaintiffs assert that the amendment will not prejudice Louisiana Yachting.

Louisiana Yachting first notes that plaintiffs waited to file the motion to amend more than 11 months after the deadline in the scheduling order (February 9, 2009) and four weeks before trial.[2] Accordingly, Louisiana Yachting contends that plaintiffs must show good cause under *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama*, 315 F.3d 533 (5th Cir. 2003), and Federal Rule of Civil Procedure 16 as to why the amendment should be allowed. Defendant argues that plaintiffs have failed to meet their burden.

Defendant notes that plaintiffs have known from the very beginning that Louisiana Yachting sold the vessel, the damaged property at issue in these consolidated suits. Defendant also notes that the settlement conference – at which plaintiffs assert they mentioned the amendment – occurred over *four months* ago (September 25, 2009). Defendant further notes that simply joining the motions for summary judgment is not akin to recognition that it is a named defendant in their civil action.

Defendant argues that it will be severely prejudiced if the Court allows the amendment, as it has prepared for trial against Great Lakes Reinsurance Co. (UK) PLC ("Great Lakes") only and its claims in subrogation. The claims that plaintiffs seek to assert would well pass the "subrogation limit" of Great Lakes and force Louisiana Yachting – four weeks before trial – to start anew trial preparation.

---

[2] Louisiana Yachting argues in its pleading that plaintiffs waited until *three* weeks before trial to file the motion to amend. However, plaintiffs filed the instant motion on January 21, 2010, approximately four weeks before trial.

The Court finds that plaintiffs have failed to meet their burden under the four-part test under Rule 16 and *S&W Enterprises*. Under *S&W Enterprises*, the Court must consider (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. 315 F.3d at 536. Plaintiffs must satisfy the "good cause" test because the amendment deadline in the scheduling order passed before they filed the instant motion. *S&W Enterprises*, 315 F.3d at 536. The good cause requirement for modification of a scheduling deadline requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters.*, 315 F.3d at 535. Plaintiffs have not shown good cause why they should be allowed to amend their complaint. Plaintiffs have known of defendant Louisiana Yachting since they filed suit. Indeed, there is no question but that defendant was known to plaintiffs when the original complaint was filed. *See In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996). Plaintiffs have not demonstrated why the February 9, 2009 deadline could not have been met despite their due diligence.

Moreover, the Court finds that Louisiana Yachting would suffer prejudice if the Court allows the amendment. This Court has already ruled on two motions for (partial) summary judgment. The Pre-Trial Conference occurred on January 22, 2009. The Court has already rejected two Pre-Trial Orders as inadequate and has ordered the parties to file an Amended Pre-Trial Order. While the Court recognizes that the consolidated plaintiffs' substantive claims are similar, Louisiana Yachting would still have to prepare against further claims for damages by either Kelly and/or Maverick. Allowing plaintiffs to add Louisiana Yachting as a defendant at this late stage of the game would force Louisiana Yachting to begin anew its trial preparation when such preparation, as it should

3

stand in the Pre-Trial Order, should be nearly complete. For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Second Supplemental and Amending Complaint [Doc. #95] is DENIED.

New Orleans, Louisiana this 2nd of February, 2010.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**