## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JOHN J. KELLY**                                    **CIVIL ACTION**

**VERSUS**                                           **NO.    08-4310 C/W**
                                                            **08-4311**

**PORTER, INC. (d/b/a FORMULA BOATS)**               **SECTION  "S" (3)**
**AND CHARLES INDUSTRIES, LTD.**

## ORDER

Before the Court is the Motion for Reconsideration [Doc. #121] filed by plaintiff Maverick

Motor Sports II, L.L.C.  Specifically, Maverick seeks reconsideration of this Court's Order that

denied Maverick leave to file a second supplemental and amending complaint [Doc. #115] to add

Louisiana Yachting and Boating, L.L.C. ("Louisiana Yachting") as a defendant.  For the following

reasons, the Court denies the motion.

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider.

*Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985).  However, the Fifth Circuit

treats motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or

motions for relief from judgment pursuant to Rule 60, depending on the time when the motion is

filed.  *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).  A

motion for reconsideration is analyzed under Rule 59(e) if it is served within ten days of the court's

ruling, otherwise, it is analyzed under Rule 60(b) if it is served after that time.  *Id.*  Here, Maverick

filed its motion for reconsideration within ten (10) days of the Court's Order, and thus Maverick's motion is properly considered under Rule 59(e).

Courts in this district use Rule 59(e) when ruling on motions to reconsider non-dispositive pre-trial motions. *See Harveston v. Falcon Workover Co., Inc.*, Civ. A. 96-4172, 1998 WL 166209, (E.D. La. Apr. 8, 1998) (analyzing motion to reconsider trial continuance under Rule 59(e))*; Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equip. Res.*, Civ. A. 03-1496, 2004 WL 1488665 (E.D. La. June 30, 2004) (analyzing motion to reconsider this Court's conclusion about whether certain documents are privileged under the Rule 59(e) standard).

Under Rule 59(e), a court's reconsideration of a prior order is an extraordinary remedy that should be used only sparingly and not to relitigate old matters, raise new arguments, or present evidence that should have been raised in the earlier motion. *See Karim v. Finch Shipping Co.*, 111 F.Supp.2d 783, 784 (E.D. La. 2000). A court may entertain a motion for reconsideration if the moving party demonstrates (1) newly discovered or previously unavailable evidence, (2) that the motion is necessary to correct a manifest error of fact or law, (3) that the motion is necessary to prevent manifest injustice, or (4) that the motion is justified by an intervening change in the controlling law. *Gregg v. Weeks Marine, Inc.*, Civ. A. 99-1586, 2000 WL 802865, at * 2 (E.D. La. May 26, 2000).

Maverick's motion for reconsideration presents the Court with no argument that it did not advance in its original motion. There is no newly-discovered evidence or previously unavailable evidence. Indeed, and as this Court noted in its original order, Maverick has known of defendant Louisiana Yachting since it filed suit. Indeed, there is no question but that defendant was known to Maverick when the original complaint was filed. *See In re Southmark Corp.*, 88 F.3d 311, 316

(5th Cir. 1996). Maverick has not demonstrated why the February 9, 2009 Scheduling Order deadline could not have been met despite its due diligence.

There has been no intervening change in the law since this Court's original order. Neither has Maverick demonstrated that the motion is necessary to correct an error in fact or in law nor that it is necessary to prevent manifest injustice. Maverick harps on the fact that this Court stated at the settlement conference between the parties that it did not think that Maverick needed to amend its complaint to name Louisiana Yachting as a defendant. Maverick must be reminded that the Court made such a statement during *confidential* settlement negotiations -- not on formal motion or pleading by Maverick. That the Court made such a statement in such a setting in no way binds the Court by law. Neither would such a statement bind the parties by law. In any event, the settlement conference occurred on September 25, 2009, well past the February 9, 2009 deadline to amend pleadings. Maverick would still have had to demonstrate good cause for the amendment had it moved to amend on or after said date. As noted above, no good cause exists to amend the pleadings at this late stage in the litigation. Accordingly,

**IT IS ORDERED** that Plaintiff Maverick Motor Sports II, L.L.C.'s Motion for Reconsideration [Doc. #121] is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Expedited Hearing [Doc. #119] is DISMISSED AS MOOT.

New Orleans, Louisiana this 11th of February, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**